**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---

J.A., individually and on
behalf of her minor child
J.A.,
         Plaintiffs,
   V.

MONROE TOWNSHIP BOARD
OF EDUCATION; NEW JERSEY
DEPARTMENT OF EDUCATION;
KEVIN DEHMER, Interim
Commissioner of Education;
and NEW JERSEY OFFICE OF
ADMINISTRATIVE LAW

        Defendants.

No. 1:20-cv-09498-NLH-MJS
No. 1:21-cv-06283-NLH-MJS
(Consolidated)

**OPINION AND ORDER**

---

**HILLMAN**, District Judge

WHEREAS, on July 28, 2020 Plaintiffs Joanna A.[1] and her child, J.A., (collectively "Plaintiffs") filed a complaint against Defendant Monroe Township Board of Education ("MTBOE") and others alleging violations of the Individuals with Disabilities Education Act ("IDEA"), Americans with Disabilities Act ("ADA"), New Jersey Law Against Discrimination ("NJLAD"), and rules and regulations applicable to due process cases in special education matters, among other claims, (1:20-cv-09498, ECF 1); and

WHEREAS, on March 23, 2021 Plaintiffs filed a complaint

---

[1] The Court refers to co-Plaintiff Joanna A. by the name provided in the caption to the complaint filed under Docket No. 1:21-cv-06283.  (1:21-cv-06283, ECF 1).

1

alleging, among other claims, denial of a Free Appropriate Public Education pursuant to IDEA, violations of the ADA, NJLAD, and other statutes; and violations of various procedural, discovery, and evidentiary rules, (1:21-cv-06283, ECF 1); and

WHEREAS, in a March 22, 2022 opinion under a separate docket number, the Court consolidated the two cases, (1:18-cv-09580, ECF 94 at 8, 10; ECF 95), and Magistrate Judge Matthew J. Skahill thereafter amended the case caption and directed that all future filings be made with the consolidated caption under docket number 1:20-cv-09498, (1:20-cv-09498, ECF 110; 1:21-cv-06283, ECF 69); and

WHEREAS, on December 9, 2022, MTBOE moved for summary judgment as to the claims asserted under Docket No. 1:20-cv-09498, (1:20-cv-09498, ECF 129); and

WHEREAS, on January 11, 2023, MTBOE moved for partial summary judgment as to claims asserted under Docket No. 1:21-cv-06283, (1:20-cv-09498, ECF 171); and

WHEREAS, in their oppositions, Plaintiffs argue that the Court should deny both motions with prejudice for failure to abide by the page limits set forth in the Local Civil Rules, (1:20-cv-09498, ECF 146 at 6; ECF 178 at 7-8); and

WHEREAS, MTBOE, in its replies, asserts that it "did not violate the spirit of" the Local Civil Rules because it sought permission to file overlength briefs before doing so and the

requests and lengths of the briefs ultimately filed were
reasonable given the number of claims asserted by Plaintiffs,
(1:20-cv-09498, ECF 150 at 1-3; ECF 190 at 2-4); and

WHEREAS, the Local Civil Rules impose a forty-page limit on
briefs exclusive of tables of contents and authorities provided
that the typeface is in a twelve-point nonproportional font such
as Courier New or an equivalent fourteen-point proportional font
such as Times New Roman, L. Civ. R. 7.2(b), (d); and

WHEREAS,"[b]riefs of greater length will only be accepted
if special permission of the Judge is obtained prior to
submission of the brief," L. Civ. R. 7.2(b); and

WHEREAS, this Court has recognized both that overlength
briefs may be disregarded or struck and its own preference of
reserving such measures "for only the most egregious violations
of the Local Civil Rules," see Capaldi v. BJ's Wholesale Club,
Inc., No. 1:18-cv-10615, 2020 WL 2569965, at *2-3 (D.N.J. May
21, 2020) (denying the defendant's motion to preclude supported
by an eighty-three-page brief for violating Local Civil Rule
7.2); and

WHEREAS, denial for failure to comply with Local Civil Rule
7.2 has been applied in the context of a motion for summary
judgment, see Anise v. JPMorgan Chase Bank, No. 16-8125, 2016 WL
9281267, at *1 (D.N.J. Nov. 29, 2016) (denying without prejudice
the plaintiff's motion for summary judgment for, among reasons,

including a fifty-two-page brief in violation of Local Civil
Rule 7.2(b)); and

WHEREAS, MTBOE filed a letter request to file an overlength
brief on Tuesday, December 6, 2022, (1:20-cv-09498, ECF 128),
which this Court did not grant prior to MTBOE filing a motion
for summary judgment accompanied by a seventy-nine-page
supporting brief on Friday, December 9, 2022, (1:20-cv-09498,
ECF 129; ECF 129-2); and

WHEREAS, MTBOE filed a letter request to file an overlength
brief on Sunday, January 8, 2023, (1:20-cv-09498, ECF 165),
which this Court did not grant before MTBOE filed its motion for
partial summary judgment accompanied by a fifty-one-page
supporting brief on Wednesday, January 11, 2023, (1:20-cv-09498,
ECF 171; ECF 171-1); and

WHEREAS, though this Court strongly prefers to adjudicate
matters on the merits, see Fisher v. Pratt, No. 19-273, 2020 WL
773262, at *3 n.7 (D.N.J. Feb. 18, 2020) (declining to strike or
disregard a sur-reply for which permission was not obtained by
the plaintiff or the defendants' overlength reply brief in favor
of "consider[ing] both parties' submissions in total . . .
giv[ing] both parties the benefit of their complete advocacy in
this matter"), the Court concludes that MTBOE's motions are
violative of Local Civil Rule 7.2 in both text and spirit as
MTBOE sought, but did not receive, the Court's permission only

4

days before filing overlength submissions, one nearly double the
maximum page length, see L. Civ. R. 7.2(b) (stating that
overlength briefs may only be accepted after "special permission
of the Judge is obtained" (emphasis added)); and

WHEREAS, the Court nonetheless disagrees with Plaintiffs'
position that MTBOE's procedural violations necessitate denial
of its motions with prejudice, (1:20-cv-09498, ECF 146 at 6; ECF
178 at 7-8), and instead holds that "the proper remedy is to
deny [MTBOE's] motion[s], without prejudice, compelling [MTBOE]
to reconsider its arguments and shorten them to a length
permissible under Local Civil Rule 7.2," Capaldi, 2020 WL
2569965, at *3.[2]

THEREFORE,

IT IS HEREBY on this __22nd__ day of __August__, 2023

ORDERED that MTBOE's motions for summary judgment and
partial summary judgment, (1:20-cv-09498, ECF 129; ECF 171), are
denied without prejudice.  MTBOE may refile its motions with
briefs compliant with the page restrictions provided in Local
Civil Rule 7.2.

s/ Noel L. Hillman

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court acknowledges that shortly after filing both motions
for summary judgment, MTBOE filed motions to seal related
materials.  (1:20-cv-09498, ECF 130; ECF 177).  The Court will
rule on these and other pending motions in a separate
forthcoming opinion and order.