# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

J.A., individually and on
behalf of her minor child
J.A.,
          Plaintiffs,
   V.

MONROE TOWNSHIP BOARD
OF EDUCATION; NEW JERSEY
DEPARTMENT OF EDUCATION;
KEVIN DEHMER, Interim
Commissioner of Education;
and NEW JERSEY OFFICE OF
ADMINISTRATIVE LAW

         Defendants.

No. 1:20-cv-09498-NLH-MJS
No. 1:21-cv-06283-NLH-MJS
(Consolidated)

**OPINION**

---

ROBERT CRAIG THURSTON
THURSTON LAW OFFICES LLC
433 RIVER ROAD
STE 1315
HIGHLAND PARK, N.J. 08904

    *Counsel for Plaintiffs*

LAURIE LEE FICHERA
KERRY SORANNO
SADIA AHSAUDDIN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET - P.O. BOX 112
TRENTON, N.J. 08625

    *Counsel for the State Defendants*

WILLIAM S. DONIO
YOLANDA NICOLE MELVILLE
COOPER LEVENSON, P.A.
1125 ATLANTIC AVENUE, THIRD FLOOR
ATLANTIC CITY, N.J. 08401

    *Counsel for Monroe Township Board of Education*

**HILLMAN**, District Judge

Pending before the Court are the partial motions for summary judgment of Plaintiffs Joanna A.[1] ("Joanna") and J.A. (together "Plaintiffs") against Defendant Monroe Township Board of Education ("MTBOE"), (ECF 145),[2] and against Defendants New Jersey Department of Education("NJDOE"), Interim Commissioner of Education Kevin Dehmer, and the New Jersey Office of Administrative Law ("OAL") (together "State Defendants"), (ECF 196); MTBOE's cross-motion for partial summary judgment, (ECF 153); and MTBOE's motions to seal, (ECF 130; ECF 177).  For the reasons expressed below, each of the pending motions will be denied.

## I.   Background

The facts of these cases and underlying administrative proceedings are extensive.  The Court presumes the parties' familiarity with them and has considered them in full in drafting this opinion.  They will be recited briefly here and referenced as applicable further below.

J.A. is a child with autism, making her eligible for

---

[1] The Court borrows the use of "Joanna A." from the complaint filed under Docket No. 1:21-cv-06283 for clarity.

[2] This case involves matters filed under Docket Nos. 1:21-cv-06283 and 1:20-cv-09498.  The Court's citations to the record will be to filings under Docket No. 1:20-cv-09498 unless otherwise noted.

special education and related services under the Individuals with Disabilities Education Act ("IDEA"). (ECF 145-1 at ¶ 4; ECF 152-1 at ¶ 4). Joanna A. is J.A.'s parent. (ECF 145-1).

MTBOE operates public schools in the Township of Monroe, New Jersey, where Plaintiffs have been domiciled during all times relevant to the pending actions. (ECF 145-1 at ¶¶ 1-2; ECF 152-1 at ¶¶ 1-2). NJDOE is a State Educational Agency as defined by the IDEA, (ECF 196-1 at ¶ 1; ECF 209-1 ¶ 1), for which Dehmer served as Acting Commissioner. OAL is an executive-branch agency that hears special-education matters. (ECF 196-1 at ¶¶ 3-4; ECF 209-1 ¶¶ 3-4).

Plaintiffs allege in their statement of facts that J.A. was diagnosed with autism, feeding disorder, and developmental delay by Dr. Mariko Nakanishi of Children's Hospital of Philadelphia in May 2011 and that MTBOE's Office of Special Services/Child Study accepted the diagnoses and evaluative data on which they were premised, but not Dr. Nakanishi's recommendations. (ECF 145-1 at ¶¶ 64-65; ECF 145-4 at 1-2). Plaintiffs thereafter obtained additional independent evaluations in areas including occupational therapy and auditory processing, but while MTBOE accepted diagnoses, including J.A.'s "severe auditory processing disorder," ("ADP") it did not accept related recommendations or all findings and evaluative data relied upon. (ECF 145-4 at 7-28; ECF 145-6 at 60-63). Plaintiffs assert that MTBOE did not

3

perform an audiology test or central auditory processing evaluation for J.A. and the professionals who comprised J.A.'s Individualized Education Program ("IEP") Team did not specialize in audiology, ADP, autism, and other relevant disciplines.  (ECF 145-1 at ¶¶ 87-88, 91, 103, 120, 131, 147-48).  Plaintiffs eventually made a demand, on February 17, 2020, for MTBOE to conduct an Independent Educational Evaluation ("IEE") of J.A. designed to test ADP.  (ECF 145-7 at 1-2).

Three years earlier, on May 24, 2017, Plaintiffs filed a pro se request with NJDOE's Office of Special Education Programs ("OSEP") for a mediation, purportedly due to MTBOE's alleged failures to provide data and compensatory services.  (ECF 196-1 at ¶ 5; ECF 196-4 at 26-28).  Following unsuccessful mediation, the matter was transmitted to OAL, where a settlement conference – as opposed to peremptory hearing – was unsuccessfully held on July 6, 2017, the matter was transferred to Administrative Law Judge ("ALJ") Jeffrey R. Wilson, and motion practice, briefing schedules, and allegedly unwarranted adjournments pushed the matter into June 2018.  (ECF 145-1 at ¶¶ 9-17; ECF 196-1 at ¶¶ 8-9, 17-18, 21, 27-35, 38; ECF 196-4 36-43; ECF 196-5 at 1-39, 41-43).  After Plaintiffs filed a federal suit naming ALJ Wilson as a defendant, ALJ Wilson recused himself and the matter was assigned to ALJ John Kennedy who scheduled hearings for October 2018.  (ECF 196-6 at 14-17).

Meanwhile, Plaintiffs filed a second due process complaint, for which mediation was unsuccessful, and ALJ Kennedy ultimately consolidated the two pending matters, following the October hearing schedule for the original matter.  (ECF 145-1 at ¶¶ 26, 28-30; ECF 196-1 at ¶¶ 50, 53-54, 59-60; ECF 196-6 at 26-30, 41-43).  Plaintiffs allege that they provided MTBOE with evidence five business days in advance of a scheduled October 1, 2018 hearing date in compliance with federal and state law while MTBOE's submission was untimely, resulting in Plaintiffs' motion to exclude, which ALJ Kennedy denied, and an interlocutory appeal, which the undersigned dismissed.  (ECF 145-1 at ¶¶ 40-46; ECF 145-3 at 5-37; ECF 196-1 at ¶¶ 63-72).  Following remand, ALJ Catherine Tuohy conducted hearings from September to December 2020 with ALJ Kennedy's evidentiary ruling in place, culminating in a February 22, 2021 decision dismissing Plaintiffs' petitions, which Plaintiffs appealed – resulting in the filing of an action before this Court under Docket No. 1:21-cv-06283.  (ECF 145-1 at ¶¶ 32-36; ECF 196-1 at ¶¶ 85-90, 95; ECF 196-8 at 1-7, 16-107).

Separately, and following Plaintiffs' February 2020 demand for an IEE, MTBOE filed a due process complaint, a hearing for which was scheduled for June 18, 2020 before ALJ MaryAnn Bogan prior to which Plaintiffs allegedly requested school records and were denied, served a subpoena on MTBOE's counsel, and

themselves complied with the five-day evidentiary requirements while MTBE did not – resulting in Plaintiffs filing a motion to exclude.  (ECF 145-1 at ¶¶ 50-54; ECF 145-3 at 40-58; ECF 196-1 at ¶¶ 99-100, 106, 110-16; ECF 196-9 at 1-5, 10-14).  The matter was reassigned to ALJ Joseph Ascione who set schedules for the motion to exclude and a motion to quash the subpoena.  (ECF 196-1 at ¶¶ 120, 122, 124).  ALJ Ascione did not formally rule on Plaintiffs' motion to exclude but ultimately permitted MTBOE to present evidence and reportedly made additional evidentiary rulings, such as limits on documentary evidence and cross-examination, objected to by Plaintiffs.  (ECF 145-1 at ¶ 58; ECF 145-2 at 1-16; ECF 196-1 at ¶¶ 126-31).  ALJ Ascione issued an opinion granting MTBOE's denial of the IEE on July 16, 2020, (ECF 145-2 at 1-16), which Plaintiffs appealed to this District under Docket No. 1:20-cv-09498, (ECF 145-1 at ¶ 35).

On March 21, 2022, this Court consolidated these two cases. (1:18-cv-09580, ECF 94 at 8, 10; ECF 95).  Magistrate Judge Matthew J. Skahill then amended the case caption and directed that future filings be made with the consolidated caption under Docket No. 1:20-cv-09498.  (1:20-cv-09498, ECF 110; 1:21-cv-06283, ECF 69).

In a pair of March 30, 2022 decisions, the Court held that individual ALJs were entitled to judicial immunity and dismissed claims against them with prejudice.  (1:20-cv-09498, ECF 87 at

26-27; ECF 88; 1:21-cv-06283, ECF 50 at 25-26; ECF 51).

The pending motions followed.

## II. Discussion

### A. Jurisdiction

The Court exercises original jurisdiction over Plaintiffs' claims brought under federal law pursuant to 28 U.S.C. § 1331. It exercises supplemental jurisdiction over Plaintiffs' state-law claims. See 28 U.S.C. § 1367(a). The Court has jurisdiction to review the administrative decisions below pursuant to the provisions of the IDEA. See 20 U.S.C. § 1415(i)(2); K. E. v. N. Highlands Reg'l Bd. of Educ., 840 F. App'x 705, 709 n.2 (3d Cir. 2020).

### B. Motions for Summary Judgment

The Federal Rules of Civil Procedure dictate that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine when "the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party'" and a fact is "'material' if it 'might affect the outcome of the suit under the governing law.'" Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020) (quoting Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986)).  Facts and evidence are to be viewed in the light most favorable to the nonmovant.  Id.

Though these familiar principles apply here, see Moorestown Twp. Bd. of Educ. v. S.D., 811 F. Supp. 2d 1057, 1064-65 (D.N.J. Sept. 15, 2011), district courts apply what is referred to as "'modified de novo' review" when presented with appeals of administrative decision under the IDEA, see D.S. v. Bayonne Bd. of Educ., 602 F.3d 553, 564 (3d Cir. 2010) (quoting P.P. v. W. Chester Area Sch. Dist., 585 F.3d 727, 734 (3d Cir. 2009)). Under this standard, "[f]actual findings from the administrative proceedings are to be considered prima facie correct" and courts are obligated to explain any departure from those findings.  Id. (quoting P.P., 585 F.3d at 734).  An ALJ's legal determinations, however, are reviewed de novo.  S.D., 811 F. Supp. 2d at 1064. A court's decision is to be based on the evidence as developed at the administrative proceedings unless additional evidence is presented.  See M.G. v. N. Hunterdon-Voorhees Reg'l High Sch. Dist. Bd. of Educ., 778 F. App'x 107, 110 (3d Cir. 2019) (citing 20 U.S.C. § 1415(i)(2)(C)).

## III. Analysis

### A. IDEA Procedural Safeguards

Before discussing the substance of the pending motions, the Court finds it useful to briefly review the procedural safeguards implicated by Plaintiffs' allegations.  Once a due

8

process complaint is filed, the parties have a thirty-day
"resolution period" to settle the matter to the parents'
satisfaction.  See 20 U.S.C. § 1415(f)(1)(B); 34 C.F.R. §
300.510(b); M.D. v. Vineland City Bd. of Educ., No. 1:19-cv-
12154, 2022 WL 844423, at *3 (D.N.J. Mar. 22, 2022).  If the
parties do not arrive at a resolution within thirty days, "the
due process hearing may occur, and all of the applicable
timelines for a due process hearing . . . shall commence," 20
U.S.C. § 1415(f)(1)(B)(ii); see also 34 C.F.R. § 300.510(b)(1),
and the case is transmitted to the OAL, N.J.A.C. 6A:14-
2.7(h)(4).  A final decision must be reached and mailed to the
parties within forty-five days of the expiration of the thirty-
day period.  34 C.F.R. § 300.515(a); see also N.J.A.C. 6A:14-
2.7(j) ("A final decision shall be rendered by the
administrative law judge not later than 45 calendar days after
the conclusion of the resolution period . . . ."); C.P. v. N.J.
Dep't of Educ., No. 19-12807, 2022 WL 3998700, at *3 (D.N.J.
Sept. 1, 2022) ("[I]f no specific adjournments are requested by
the parties, a final decision must be rendered within 45 days
after the end of the 30-day resolution period.").  Both state
and federal regulations contemplate adherence to the forty-five-
day timeline absent a request for adjournment or extension by
the parties.  See 34 C.F.R. § 300.515(c); N.J.A.C. 6A:14-2.7(j).

    OSEP is to contact the Clerk of the OAL for a peremptory

hearing date that "shall, to the greatest extent possible, be
convenient to all parties but shall be approximately 10 days
from the date of the scheduling call." N.J.A.C. 1:6A–
9.1(a); M.D., 2022 WL 844423, at *5. At least five days prior
to the hearing, parties must disclose to one another "all
evaluations completed by that date, and recommendations based on
the offering party's evaluations, that the party intends to use
at the hearing." 20 U.S.C. § 1415(f)(2)(A); 34 C.F.R. §
300.512(b)(1). Failure to do so may result in such evaluations
and recommendations being barred from the hearing. 20
U.S.C. § 1415(f)(2)(B); 34 C.F.R. § 300.512(b)(2); see also 34
C.F.R. § 300.512(a)(3) (counting among a party's rights the
ability to "[p]rohibit the introduction of any evidence at the
hearing that has not been disclosed to that party at least five
business days before the hearing"). New Jersey regulations read
more broadly, dictating that unless a judge concludes
that evidence could not have reasonably been disclosed within
the allotted time that "[u]pon application of a party, the judge
shall exclude any evidence at hearing that has not been
disclosed to that party at least five business days before the
hearing." N.J.A.C. 1:6A–10.1(c); see also P.F. o/b/o G.F. v.
Ocean Twp. Bd. of Educ., No. 21-19315, 2022 WL 4354791, at *11
(D.N.J. Sept. 20, 2022) ("[T]he five-day rule states that
evidence to be used at a hearing must be disclosed to the

10

opposing party five days prior to the hearing." (emphasis added)).

"The IDEA contemplates that it is the State Educational Agency that is responsible for ensuring fair and impartial procedures in place to handle any due process petition." M.D., 2022 WL 844423, at *2 (citing 20 U.S.C. § 1415(e)(1), (f)(1)(A)).

### B. Plaintiffs' Motion for Partial Summary Judgment Against State Defendants (ECF 196)

The Court begins with Plaintiffs' motion for partial summary judgment as to State Defendants.  Plaintiffs seek entry of summary judgment as to Counts 1, 2, 3, and 4 of the complaint filed under Docket No. 1:20-cv-09498 and Counts 3, 4, 5, 6, and 12 of the complaint filed under Docket No. 1:21-cv-06283.  (ECF 196; ECF 196-2 at 2).  The relevant counts from the 2020 complaint allege violation of the ten-day peremptory hearing date set forth in New Jersey Administrative Code through OAL's institution and NJDOE's allowance of settlement hearings on Thursdays, failure to enforce the five-day rule as required by the IDEA and federal and state regulations, violation of the New Jersey Administrative Code's adjournment rule through the use of Thursday settlements and corresponding reassignments of cases that do not settle, and failure to immediately transmit a matter to OAL upon MTBOE's filing of a due process complaint without a

11

request to mediate.  (Id.; ECF 1 at ¶¶ 187-202, 204-20, 222-40, 242-56).

The relevant counts from the 2021 complaint similarly allege violation of the ten-day peremptory hearing date, five-day rule, and adjournment rule as well as violation of the statutory thirty-day resolution period by, among other actions, permitting additional negotiations during Thursday settlements and violation of the forty-five-day rule caused by systemic flaws in New Jersey's resolution procedures.  (ECF 196; ECF 196-2 at 2; 1:21-cv-06283, ECF 1 at ¶¶ 410-23, 425-44, 446-59, 461-72, 566-81).

Prior to challenging the merits of Plaintiffs' motion, State Defendants argue that summary judgment is premature as discovery has not yet been conducted and, pursuant to Federal Rule of Civil Procedure 56(d), they are unable to present facts essential to their opposition.  (ECF 209 at 10-11).  An accompanying declaration submitted by State Defendants' counsel attests that the parties have been engaged in settlement discussions facilitated by Judge Skahill prior to and following Plaintiffs' motion and the parties have awaited discovery orders, including the consolidation of discovery and possible use of discovery from a related class-action.  (ECF 209-3 at ¶¶ 22-25, 36).  Counsel states that State Defendants would like the opportunity to depose or serve interrogatories on Plaintiffs,

school district employees, and counsel regarding possible
requested adjournments or extensions, off-the-record
conversations with ALJs, evidentiary exchanges, and damages.
(Id. at ¶¶ 28-35; ECF 209 at 11-13).

Plaintiffs respond that State Defendants mistakenly rely on
legal standards general to motions for summary judgment,
ignoring the modified standard of review applicable for
administrative appeals and the fact that the counts for which
summary judgment is sought pertain to the procedural processes
of the cases – for which the administrative record has been
provided.  (ECF 210 at 4-5).

The Court is not so convinced.  As set forth below, whether
the Court applies Rule 56 or 20 U.S.C. § 1415(i)(2)(C)(ii) here,
the result is the same.

First, the Court does not find that the standards of Rule
56 are completely inapplicable merely because the matters in
controversy are administrative appeals.  See S.D., 811 F. Supp.
2d at 1064-65 ("Because this matter is pending before the Court
on motions for summary judgment, the well-settled principles of
summary judgment also apply." (citing Bd. of Educ. of Montgomery
Cnty. v. Hunter, 84 F. Supp. 2d 702, 705 n.2 (D. Md. Feb. 16,
2000)); see also M.G., 778 F. App'x at 110 (concluding that,
though the district court cited the standard applicable to
ordinary summary judgment motions, it appropriately made clear

13

that it was applying modified de novo review); <u>Jonathan H. v.</u>
<u>The Souderton Area Sch. Dist.</u>, 562 F.3d 527, 529 (3d Cir. 2009)
(finding, in the context of compulsory counterclaims, that
claims filed pursuant to 20 U.S.C. § 1415(i)(2) are properly
characterized as original civil actions rather than appeals and
are thus governed by the Federal Rules of Civil Procedure
(citing <u>Kirkpatrick v. Lenoir Cnty. Bd. of Educ.</u>, 216 F.3d 380,
387-88 (4th Cir. 2000))); <u>but see</u> <u>I. K. by and through</u>
<u>Christopher K. v. Manheim Twp. Sch. Dist.</u>, No. 22-1347, 2023 WL
3477830, at *1 n.4 (3d Cir. May 15, 2023) (agreeing in dicta in
a non-precedential opinion that, in the context of whether a
denial of a motion for judgment on the administrative record was
a final order for the purposes of jurisdiction, the provisions
of the IDEA, not Rule 56, apply and district courts may grant or
deny relief regardless of the presence of genuine issues of
material fact); <u>K.A. ex rel. F.A. v. Fulton Cnty. School Dist.</u>,
741 F.3d 1195, 1209 (11th Cir. 2013) ("[T]he usual [Rule 56]
summary judgment principles do not apply in an IDEA case."
(quoting <u>Loren F. ex rel. Fisher v. Atlanta Indep. Sch.</u>, 349
F.3d 1309, 1313 (11th Cir. 2003))).

"[I]t is well established that a court 'is obliged to give
a party opposing summary judgment an adequate opportunity to
obtain discovery.'  This is necessary because, by its very
nature, the summary judgment process presupposes the existence

14

of an adequate record." Doe v. Abington Friends Sch., 480 F.3d
252, 257 (3d Cir. 2007) (quoting Dowling v. City of Phila., 855
F.2d 136, 139 (3d Cir. 1988)). The Federal Rules of Civil
Procedure authorize courts to defer or deny a motion, allow time
to obtain discovery, or enter other orders when a nonmovant
demonstrates that they are unable to present facts essential to
their opposition. Fed. R. Civ. P. 56(d); In re Avandia Mktg.,
Sales and Prods. Liab. Litig., 945 F.3d 749, 761 (3d Cir. 2019).
"If discovery is incomplete, a district court is rarely
justified in granting summary judgment, unless the discovery
request pertains to facts that are not material to the moving
party's entitlement to judgment as a matter of law." In re
Avandia Mktg., Sales and Prods. Liab. Litig., 945 F.3d at 761
(quoting Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015)).

Second, and most relevantly, the IDEA provides that in
civil actions following due process hearings courts "shall hear
additional evidence at the request of a party." 20 U.S.C. §
1415(i)(2)(C)(ii). What additional evidence may be admitted is
left to the discretion of the district court. See D.K. v.
Abington Sch. Dist., 696 F.3d 233, 253 (3d Cir. 2012); see also
M.A. v. Jersey City Bd. of Educ., No. 14-6667, 2016 WL 7477760,
at *7 (D.N.J. Dec. 29, 2016) ("The right to supplement the
record is not absolute; rather, the decision to admit additional
evidence is committed to the discretion of the trial court."

(citing Susan N. v. Wilson Sch. Dist., 70 F.3d 751, 760 (3d Cir. 1995))).   Courts within the Third Circuit may determine whether to exclude additional evidence based upon similar considerations as those applicable to a traditional civil hearing.   See Z.H. v. Cinnaminson Twp Bd. of Educ., No. 1:22-cv-01700, 2023 WL 4348551, at *5 (D.N.J. July 5, 2023) (citing Susan N., 70 F.3d at 759).   "[W]hile a district court may appropriately exclude some evidence, 'a court must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative and useful in determining whether Congress' goal has been reached for the child involved.'"   L.G. ex rel. E.G. v. Fair Lawn Bd. of Educ., 486 F. App'x 967, 975 (3d Cir. 2012) (quoting Susan N., 70 F.3d at 760).

In a recent decision within this vicinage, Rule 56(d) and 20 U.S.C. § 1415(i)(2)(C) were both used to justify denial of summary judgment in an appeal of an ALJ's approval of a settlement.   See G.W. v. Ringwood Bd. of Educ., No. 19-13734, 2022 WL 17850251, at *6-7 (D.N.J. Dec. 21, 2022).   The parents in G.W. filed a due process petition and settlement discussions ensued for which one parent was not present and allegedly opposed and the plaintiffs later filed an action appealing the ALJ's ultimate approval of the settlement alleging that it was not entered into by the parents knowingly or voluntarily.   Id. at *1-3.   Citing Federal Rule of Civil Procedure 56(d), 20

U.S.C. § 1415(i)(2)(C)(ii), and a certification from the
plaintiffs' counsel stating that discovery in the form of
depositions and potential contemporaneous notes was needed, the
court held that summary judgment for the defendants was
premature because the plaintiffs had not yet had the opportunity
to obtain adequate discovery.  Id. at *6.

The Court is persuaded that a similar result is appropriate
here and Plaintiffs' motion will be denied without prejudice.
To be sure, these are unique cases challenging not only the
ALJs' ultimate decisions, but most specifically the processes by
which they arrived at them.  Supplementation of the record is
particularly warranted given the fact that Plaintiffs seek to
hold State Defendants accountable for MTBOE's alleged failures
to negotiate in good faith during resolution periods, (ECF 196-2
at 20-23), and Plaintiffs' citation to a certification of
counsel in support of its statement of facts.  (ECF 196-1; ECF
196-3).  This certification then, in turn, cites to the record,
but several relevant statements such as whether adjournments
were requested, actions allegedly taken by MTBOE during a
mediation, and interactions with ALJs are not supported by
citations to the record.  (ECF 196-3 at ¶¶ 15, 23, 31, 34, 49,
51, 61, 72, 76, 78-79).

The Court is at the same time sensitive to the protracted
history of these cases and the administrative processes that

preceded them.  State Defendants' supplemental facts concede
that some administrative hearings are not completed within
forty-five days as contemplated by federal and state law.  (ECF
209-2 at ¶¶ 4, 6).  The present cases appear, on the surface, to
be among those for which the intentions of the IDEA procedural
scheme have not been met.  Whether there are lawful explanations
for these delays and, if not, which entities may be held liable
remain to be seen.

A child's years in school, and protection by the IDEA, are
finite.  The Court is conscience of both the depletion of those
protections and loss of valuable learning and social experiences
as litigation draws on.  State Defendants will therefore be
instructed to file within fourteen days of the entry of this
opinion and accompanying order a proposed schedule detailing the
discovery and related timeframe necessary to support an
opposition to a renewed motion for summary judgment.  The Court
will thereafter enter a corresponding order and Plaintiffs may
renew their motion following completion.

### C. Plaintiffs' Motion for Partial Summary Judgment Against MTBOE and MTBOE's Cross-Motion for Partial Summary Judgment (ECF 145; ECF 153)

The Court will next consider Plaintiffs' motion for partial
summary judgment, (ECF 145), and MTBOE's cross motion, (ECF
153), in tandem as their contentions overlap.  Plaintiffs seek
summary judgment as to Counts 2, 10, and 16 of the complaint

18

filed under Docket No. 1:20-cv-09498 and Counts 1 and 4 of the complaint filed under Docket No. 1:21-cv-06283. (ECF 145). Counts 2, 10, and 16 of the 2020 complaint allege violations of the five-day rule, use of an erroneous standard of proof in an IEE denial case, and legal error in denying an IEE. (ECF 1 at ¶¶ 204-220, 367-85, 474-93). Counts 1 and 4 of the 2021 complaint allege denial of a Free Appropriate Public Education ("FAPE") by means including violation of Child Find obligations and violation of the five-day rule. (1:21-cv-06283, ECF 1 at ¶¶ 386-93, 425-44).

MTBOE, in turn, seeks summary judgment as to Counts 1 and 4 of the 2021 complaint as well as Count 2, which alleges legal errors allegedly committed in the underlying due process case, including failure to implement and enforce various procedural safeguards, of which MTBOE allegedly advantaged and abetted. (Id. at ¶¶ 395-408; No. 1:20-cv-09498, ECF 153).[3]

Plaintiffs' motion brief separates this collection of claims in two: denial of a FAPE and violation of the five-day rule. The Court will analyze these claims similarly.

**1. Violation of the Five-Day Rule: Count 2 of 2020 Complaint and Count 4 of 2021 Complaint**

---

[3] MTBOE's supporting brief references its December 9, 2022 motion for summary judgment. (ECF 152). The Court denied that motion, (ECF 129), and MTBOE's January 11, 2023 motion for partial summary judgment, (ECF 171), without prejudice in a recent opinion and order for failure to comply with Local Civil Rules, (ECF 213).

Count 2 of the 2020 complaint and Count 4 of the 2021
complaint allege violations of the five-day rule.  Specific to
MTBOE, the 2020 complaint alleges that MTBOE did not exchange
evidence as required by June 11, 2020, wrongfully relied on the
common practice of Thursday settlements, and disregarded
Plaintiffs' efforts to obtain documents that would have been
potentially included in the five-day exchange.  (1:20-cv-09498,
ECF 1 at ¶¶ 209, 212-13).  The 2021 complaint similarly alleges
that MTBOE did not comply with the five-day rule and disregarded
Plaintiffs' attempts to obtain documents that may have been part
of the five-day exchange.  (1:21-cv-06283, ECF 1 at ¶¶ 431,
433).

In their supporting brief, Plaintiffs allege that as to the
2021 complaint, the hearing date was scheduled for October 1,
2018, Plaintiffs complied with the five-day rule while MTBOE did
not, and after Plaintiffs moved to exclude MTBOE's evidence ALJ
Kennedy nonetheless permitted some previously provided discovery
contrary to OAL precedent.  (ECF 145-8 at 15).  For the 2020
matter, the hearing date was scheduled for June 18, 2020, MTBOE
refused to provide requested documents or otherwise comply with
the five-day rule, and while Plaintiffs' motion to exclude was
not expressly ruled on, MTBOE was nonetheless permitted to
present its case.  (Id. at 15-16).  The ALJs committed

reversible error and the two underlying administrative decisions ought to be reversed, according to Plaintiffs, because MTBOE should have been precluded from presenting evidence and would have therefore been incapable of meeting its burdens of proof. (Id. at 13, 16).

MTBOE responds, citing K. K.-M. v. Gloucester City Board of Education, No. 19-15808, 2020 WL 5015485 (D.N.J. Aug. 25, 2020), that Plaintiffs are without standing to seek redress from MTBOE because case-management and evidentiary decisions are within the discretion of ALJs. (ECF 152 at 5-8). On the merits, MTBOE contends that, for the 2020 complaint, it was "inconceivable" for Plaintiffs to rely on June 18, 2020 as the date of the due process hearing when a prehearing conference was held just two days earlier and that ALJ Ascione appropriately set a hearing date for July 9, 2020 and required submissions by July 2, 2020. (Id. at 12-15). There is no evidence cited in the record that ALJ Ascione found that MTBOE violated the five-day rule, according to MTBOE. (Id. at 16). Similarly, MTBOE argues that, for the 2021 matter, the five-day rule only applies to due process hearings as opposed to other hearings and conferences held by an ALJ, October 1, 2018 could not have been the due process hearing date because the parties had not had a scheduling call or prehearing conference, and that Plaintiffs' relied-upon administrative decision is inapposite. (Id. at 19-

24).

At first blush, MTBOE's standing argument possesses some appeal.  In K. K.-M., the court concluded that the plaintiff lacked standing to seek redress from the school district for alleged violation of the forty-five-day rule because for an injury to be "fairly traceable" to a defendant, it could not result from "the independent action of some third party not before the court."  2020 WL 5015485, at *5 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)).  Because the violation of the forty-five-day rule was caused by the ALJ's sua sponte adjournments, the court reasoned that it was not traceable to the school district's conduct for standing purposes.  Id.

Here, Plaintiffs specifically attribute at least some of their harm to the respective ALJs permitting MTBOE to present evidence allegedly not provided in compliance with the five-day rule.  (ECF 145-8 at 13, 16).  Because it has concluded above that summary judgment against State Defendants is premature, the Court will deny Plaintiffs' motion without prejudice here. Count 2 of the 2020 complaint and Count 4 of the 2021 complaint allege systemic violations of the five-day rule by all Defendants.  (1:20-cv-09498, ECF 1 at ¶¶ 203-20; 1:21-cv-06283, ECF 1 at ¶¶ 424-44).  The Court concludes that it is unable to fashion complete relief for a potential violation by one or more

Defendants, including MTBOE, until a motion against State
Defendants is renewed.  See Mykolaitis v. Home Depot U.S.A.,
Inc., No. 13-1868, 2014 WL 12631449, at *1 (D.N.J. Nov. 25,
2014) (acknowledging a court's inherent power to control its
docket and denying the defendants' motion for summary judgment
pending its decision on a related motion to excluded expert
testimony (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)
and Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991))).

The Court further finds K. K.-M. to be distinguishable in
important respects and does not hold that Plaintiffs are without
standing to pursue their five-day claims against MTBOE and will
not grant MTBOE's cross-motion.  Significantly, K.K.-M centered
on an ALJ's sua sponte actions.  2020 WL 5015485, at
*5.  Plaintiffs allege here that MTBOE affirmatively did not
engage in exchanges of evidence as required by federal and state
law.  To the extent that MTBOE appears to contend, for instance,
that October 1, 2018 could not have been the peremptory hearing
date because the parties had not yet held a scheduling call or
pre-hearing conference, (ECF 152 at 20), this Court has
previously interpreted that the "scheduling call" referenced
in N.J.A.C. 1:6A-9.1 for the purposes of scheduling peremptory
hearings merely refers to the transmittal of the case to the
OAL, see M.D., 2022 WL 844423, at *5 ("Plaintiffs allege that
they did not receive a hearing anywhere close to ten days after

the transmittal of their case to the OAL — instead they received a settlement conference.  That is more than enough to state a plausible claim [of systemic violations of the ten-day peremptory hearing date and adjournment rule] at this juncture.").

The Court cannot find clean hands in the compliance with procedures that are contrary to law.  As this Court has previously stated, "while 'it is important that a school district comply with the IDEA's procedural requirements, rather than being a goal in itself, such compliance primarily is significant because of the requirements' impact on students' and parents' substantive rights.'"  C.P., 2022 WL 3998700, at *9 (quoting D.S., 602 F.3d at 565).  The Court is unwilling to conclude here that Plaintiffs are without standing to assert their five-day claims against MTBOE or that MTBOE complied with federal and state law directing disclosure.  Accordingly, the Court will deny Plaintiffs' motion for summary judgment as to Count 2 of the 2020 complaint and Count 4 of the 2021 complaint and MTBOE's cross-motion as to Counts 2 and 4 of the 2021 complaint.[4]

---

[4] MTBOE's brief includes arguments as to Count 2 of the 2021 complaint with its argument for Count 1 and alleged denial of a FAPE, seeking affirmance of ALJ Tuohy's decision.  (ECF 152 at 31).  The Court notes, however, that at least some of the allegations of Count 2 are procedural in nature, including violation of the five-day rule.  (1:21-cv-06283, ECF 1 at ¶

2. **Denial of FAPE – Counts 10 and 16 of the 2020 Complaint and Count 1 of the 2021 Complaint[5]**

Plaintiffs' supporting brief contends that MTBOE failed to evaluate and address J.A.'s APD and that a school district's failure to test a child with a suspected disability is a procedural violation amounting to denial of a FAPE.  (ECF 145-8 at 16-19).  MTBOE knew or suspected that J.A. had sensory and audiological issues dating back to 2009, according to Plaintiffs, and even acknowledged her ADP and its effects on her academic performance but did not test for it or provide adequate services.  (Id. at 20-21).  MTBOE was unable to meets its burden in denying an IEE because it never performed an evaluation and its failure to evaluate also amounted to a substantive denial of a FAPE, Plaintiffs claim.  (Id. at 22-24).

MTBOE counters that federal and state regulations require that student evaluations be sufficiently comprehensive and that the district conducted numerous multidisciplinary assessments and evaluations of J.A while Plaintiffs' merely and incorrectly argue that J.A. ought to have been evaluated in a specific manner.  (ECF 152 at 27-28).  The district appropriately

---

395).

[5] Plaintiffs' brief refers to Count 2 of the 2021 complaint, (ECF 145-8 at 16); however elsewhere in their brief and in the motion itself, Plaintiffs only seek summary judgment as to Counts 1 and 4, (id. at 1; ECF 145).

determined that an IEE was unnecessary based the
comprehensiveness of conducted evaluations, according to MTBOE,
(id. at 29-30), and ALJ Tuohy properly assessed the evidence and
credibility of witnesses, a departure from which would be
unjustified, (id. at 31-38).

School districts are obligated to evaluate children for
disability before the initial provision of special education
services and have an IEP in place at the beginning of each
school year.  See 20 U.S.C. § 1414(a)(1)(A), (d)(2)(A); A.H. by
and through K. P. v. Colonial Sch. Dist., 779 F. App'x 90, 94
(3d Cir. 2019).  Evaluations must "use a variety of assessment
tools and strategies to gather relevant functional,
developmental, and academic information, including information
provided by the parent," not use any single measure or
assessment as a sole criterion, utilize technically sound
instruments, and ensure that children are "assessed in all areas
of suspected disability."  20 U.S.C. § 1414(b)(2), (3)(B).

Among the procedural safeguards provided by the IDEA is the
opportunity for parents to obtain an IEE of their child.  20
U.S.C. § 1415(b)(1).  An IEE may be conducted at public expense
"if the parent disagrees with an evaluation obtained by the
public agency."  34 C.F.R. § 300.502(b)(1); N.J.A.C. 6A:14-
2.5(c) ("Upon completion of an initial evaluation or
reevaluation, a parent may request an independent evaluation if

26

there is disagreement with the initial evaluation or a reevaluation provided by a district board of education.  A parent shall be entitled to only one independent evaluation at the district board of education's expense each time the district board of education conducts an initial evaluation or reevaluation with which the parent disagrees."); see also M.S. v. Hillsborough Twp. Pub. Sch. Dist., 793 F. App'x 91, 93 (3d Cir. 2019) ("[A] parent must disagree with an evaluation before there is a right to obtain public funding for an IEE.  Neither our prior decision, nor, more importantly, the text of the statute, can be read to permit reimbursement without ever disagreeing with the prior evaluation.").

If a parent requests an IEE at public expense, the agency has two options: ensure that an IEE is provided at public expense or file a due process complaint "to request a hearing to show that its evaluation is appropriate."  34 C.F.R. § 300.502(b)(2); N.J.A.C. 6A:14-2.5(c)(1) ("Such independent evaluation(s) shall be provided at no cost to the parent, unless the district board of education initiates a due process hearing to show that its evaluation is appropriate and, following the hearing, a final determination to that effect is made."); Wall Twp. Bd. of Educ. v. C.M., 534 F. Supp. 2d 487, 491 (D.N.J. Jan. 30, 2008) (discussing 34 C.F.R. § 300.502 and N.J.A.C. § 6A:14-2.5).

If the school district is successful in demonstrating that its own evaluation was appropriate, an IEE at public expense is not warranted.  A.H., 779 F. App'x at 94 (citing 34 C.F.R. § 300.502(b)(3) and Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583, 590-91 (3d Cir. 2000)).  Whether a district's evaluation is appropriate is a question of fact.  See id. (citing D.S., 602 F.3d at 564).

Plaintiffs' brief also addresses districts' Child Find obligations.  Pursuant to Child Find, states must have in place policies and procedures that ensure that children "who are in need of special education and related services, are identified, located, and evaluated."  34 C.F.R. § 300.111(a)(1)(i); see also 20 U.S.C. § 1412(a)(3); Anello v. Indian River Sch. Dist., 355 F. App'x 594, 596 (3d Cir. 2009) ("School districts have a 'child find' obligation to ensure all children with disabilities are 'identified, located, and evaluated' for eligibility for special education and related services." (quoting 20 U.S.C. § 1412(a)(3)(A))).  New Jersey's regulations require district boards of education to develop written procedures to refer students ages three through twenty-one "who may have a disability due to physical, sensory, emotional, communication, cognitive, or social difficulties."  N.J.A.C. 6A:14-3.3(a); see also Northfield City Bd. of Educ. v. K.S. on behalf of L.S., No. 19-9582, 2020 WL 2899258, at *8 (D.N.J. June

3, 2020) (noting that, because state procedures do not set a deadline for satisfaction of Child Find obligations, the Third Circuit's standard of "reasonable time after school officials are on notice of behavior that is likely to indicate a disability" is applied (quoting W.B. v. Matula, 67 F.3d 484, 501 (3d Cir. 1995))).

Child Find obligations extend to children who are "in need of special education, even though they are advancing from grade to grade." 34 C.F.R. § 300.111(c)(1). A school district's failure to comply with its "continuing obligation" under Child Find may amount to a procedural violation of the IDEA. D.K., 696 F.3d at 249 (quoting P.P., 585 F.3d at 738).

Plaintiffs' motion regarding MTBOE's decision not to provide an IEE is premised on an alleged failure by MTBOE to evaluate J.A. (ECF 145-8 at 21-22). Their accompanying statement of facts appears to clarify that MTBOE conducted assessments and evaluations of J.A., including a speech-language evaluation that indicated auditory processing challenges, though not an audiology test or central auditory processing evaluation. (ECF 145-1 at ¶¶ 79-88; ECF 145-4 at 50-57; see also ECF 152-1 at ¶¶ 79-88 (admitting references to assessments and evaluations as stated but denying any noncompliance with the IDEA)). Hearing testimony provided by Dr. John Bersh, Supervisor of Special Services for Monroe Township Public

Schools, stated that assessments conducted of J.A. were
comprehensive and his office determined that the IEE requested
would not have provided the school district with any information
not previously provided in prior evaluations.  (ECF 154 at
171:19-23, 203:10-12).  ALJ Ascione made findings of fact that
J.A. had undergone numerous evaluations since being found
eligible for special services in 2011, including five conducted
by MTBOE in 2018 and 2020, and that the proposed evaluation
addressed nervous-system issues which J.A. did not exhibit.
(ECF 145-2 at 7, 9).  The Court is unable to vacate these
findings for the purpose of granting Plaintiffs' motion on the
record before it.[6]

ALJ Ascione further concluded that 34 C.F.R. §
300.502(b)(1) was inapplicable to the matter because the
regulation pertains to parents' disagreement with an agency's
evaluation and an auditory evaluation was conducted by
Plaintiffs and not MTBOE.  (ECF 145-2 at 12).  A specific

---

[6] The Court acknowledges Plaintiffs' argument that ALJ Ascione
committed legal error in focusing on the appropriateness of the
proposed IEE as opposed to the appropriateness of MTBOE's
evaluations.  (ECF 170 at 22; see also ECF 1 at ¶¶ 377-78).  The
Court agrees that the operative question is whether the school
district's evaluation is appropriate, see 34 C.F.R. §
300.502(b)(2); N.J.A.C. 6A:14-2.5(c)(1), and that ALJ Ascione's
decision largely assesses the necessity of the requested IEE,
(ECF 145-2 at 12-13).  This apparent issue seems to be caused,
at least in part and as discussed immediately below, by the
factual finding that Plaintiffs' demand was not prompted by an
expressed disagreement with an MTBOE evaluation to be analyzed.

finding of fact was made that "neither parents nor counsel's request for the evaluation provided any explanation for the requested evaluation."  (Id. at 8).  Separate from the appropriateness of any assessment or evaluation conducted by the district, this finding is relevant as a plaintiff's entitlement to an IEE at public expense is premised on disagreement with a district evaluation.  See 34 C.F.R. § 300.502(b)(1); N.J.A.C. 6A:14-2.5(c).

Plaintiffs' February 17, 2020 demand letter indicated that several re-evaluations had been performed with J.A. in January 2020 but that an audiological processing evaluation had not, evidencing MTBOE's alleged failure to assess J.A. in all areas of suspected disability.  (ECF 145-7 at 1).  Their moving brief attributes the demand to J.A. not progressing as desired and MTBOE's alleged refusal to provide supporting data for her grade-to-grade advancement.  (ECF 145-8 at 21-22).  Absent support in the record that Plaintiffs disagreed with evaluations provided by MTBOE, the Court is constrained to find against them as "only a disputed public evaluation can trigger a right for a publicly funded IEE."  See M.S., 793 F. App'x at 93; but see Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 274-75 (3d Cir. 2007) (noting the Third Circuit's broad application of 34 C.F.R. § 300.502(b)(1) "to permit reimbursement not only when the parents expressly disagree with the evaluation but also

when 'the parents[ ] fail[ ] to express disagreement with the District's evaluations prior to obtaining their own' evaluation because unless the regulation is so applied 'the regulation [would be] pointless because the object of parents' obtaining their own evaluation is to determine whether grounds exist to challenge the District's.'" (alterations in original) (quoting Warren G. ex rel. Tom G. v. Cumberland Cnty. Sch. Dist., 190 F.3d 80, 87 (3d Cir. 1999))).

The Court will also decline to enter summary judgment in favor of Plaintiffs with respect to MTBOE's alleged violation of its Child Find obligations.  Though Plaintiffs claim violation of Child Find obligations for both complaints, (ECF 145-8 at 20), Child Find is only referenced in a specific allegation in Count 1 of the 2021 complaint.  (1:21-cv-06283, ECF 1 at ¶ 386).  It does not appear that an alleged violation of Child Find was considered by ALJ Tuohy in her underlying February 22, 2021 decision as such violations were not included in Plaintiffs' due process petitions, but rather were raised during post-hearing briefing and ALJ Tuohy concluded that the "claim [wa]s beyond the scope of th[e] hearing."  (ECF 145-2 at 99).  Therefore, the Court does not find that it may turn to the administrative record provided for support of Plaintiffs' claim.

Plaintiffs premise their Child Find allegation on MTBOE's failure to implement evaluations' recommendations or otherwise

test J.A. for ADP.  (ECF 145-8 at 20-21).  The portions of their

statement of facts cited primarily focus on J.A.'s IEPs, MTBOE's

allegedly insufficient reporting and failure to provide raw

data, and the use of acronyms in progress reports rather than

numeric percentages.  To the extent that Plaintiffs allege that

MTBOE's Child Find obligations were violated by its failure to

adopt the recommendations of private evaluators or perform

additional assessments specific to the ADP for which evaluations

had been provided, the Court declines to adopt a de facto rule

to that effect.  See Miller v. Charlotte-Mecklenburg Schs. Bd.

of Educ., No. 3:20-cv-00493, 2021 WL 3561226, at *6-7 (W.D.N.C.

Aug. 11, 2021) (concluding that failure by an IEP team to follow

the recommendations of private evaluators was not violative of

the IDEA); Dougall v. Copley-Fairlawn City Sch. Dist. Bd. of

Educ., No. 5:17cv1664, 2020 WL 435385, at *19-22 (N.D. Ohio Jan.

28, 2020) (affirming the administrative decision finding that

the district did not violate its Child Find obligations –

premised on allegations that the student's autism, depression,

and anxiety diagnoses and hospitalization for mental-health

problems created a suspicion of disability – based on evidence

that the student behaved normally in school, achieved good

grades, and participated in extracurricular activities).

Significantly, to violate Child Find, "the school district

must have been on notice not only of the student's disability

but also of the student's need for special education services."
K.S., 2020 WL 2899258, at *9 (citing D.K., 696 F.3d at 251).  As
this issue was not decided below, the Court is unable to
conclude that Plaintiffs' have met their burden that they are
entitled to judgment as a matter of law.  This decision should
not be interpreted as the Court concluding that MTBOE
definitively met its Child Find obligations or otherwise did not
deprive J.A. of a FAPE as alleged in Count 1 of the 2021
complaint.

The Court likewise will decline to grant MTBOE's cross-
motion for summary judgment.  MTBOE relies heavily on ALJ
Tuohy's determinations, (ECF 152 at 31-38), which – as
referenced – expressly did not incorporate Plaintiffs' Child
Find allegations.  Based on the record before it, the Court
cannot conclude that no disputed material facts exist concerning
provision of a FAPE to J.A., particularly when the
administrative decisions below may have been tainted by to-be-
determined procedural flaws.

Plaintiffs' motion as to Counts 10 and 16 of the 2020
complaint and Count 1 of the 2021 complaint and MTBOE's cross-
motion will both be denied without prejudice.

### D. MTBOE's Motions to Seal (ECF 130; ECF 177)

Finally, the Court turns to MTBOE's motions to seal various
motions, exhibits, and correspondences.  (ECF 130; ECF 177).

34

Motions to seal within this District are governed by Local Civil Rule 5.3. See Medley v. Atl. Exposition Servs., Inc., 550 F. Supp. 3d 170, 203 (D.N.J. July 26, 2021). Local Civil Rule 5.3 requires that motions to seal be made via a single, consolidated motion on behalf of all parties, L. Civ. R. 5.3(c)(1), and include an index providing with particularity (a) the nature of the materials or proceeding at issue, (b) the private or public interests warranting the relief sought, (c) the clearly defined, serious injury that would result without relief, (d) an explanation as to why less restrictive alternatives are unavailable, (e) any prior orders sealing the same materials, and (f) the identity of any objector, L. Civ. R. 5.3(c)(3).

Courts are required to make findings on the Local Civil Rule 5.3(c)(3) factors in orders and opinions concerning motions to seal or otherwise restricting public access. L. Civ. R. 5.3(c)(6); Sanofi-Aventis U.S. LLC v. Novo Nordisk Inc., No. 3:16-cv-09466, 2018 WL 10911501, at *1 (D.N.J. June 19, 2018). There exists a presumption in favor of public access to judicial records, which movants may overcome only with a showing of "good cause" – that is "a particularized showing that disclosure will cause a 'clearly defined and serious injury'" – that materials should be protected. See Medley, 550 F. Supp. 3d at 203-04 (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

MTBOE's motions to seal are substantially similar to one another.  ECF 130 seeks to seal a letter directed to Judge Skahill concerning discovery; exhibits including requests for admissions and responses that include J.A.'s full name, evaluation information, and educational goals and whether she achieved them; evaluation records; progress reports; correspondences; portions of the administrative record including ALJ Tuohy's February 22, 2021 final decision; and MTBOE's December 9, 2022 motion for summary judgment and related exhibits including a statement of facts.  (See ECF 130-1 at 1, 6).

ECF 177 seeks to seal MTBOE's opposition to Plaintiffs' December 9, 2022 motion for partial summary judgment, its cross-motion for summary judgment with exhibits including motions and transcripts from administrative proceedings, the complaint filed under Docket No. 1:21-cv-06283 and related answer, correspondences between NJDOE and the United States Department of Education predating this matter, a report of the New Jersey Special Education Practitioners, and MTBOE's January 11, 2023 motion for partial summary judgment and related exhibits including a statement of facts.  (ECF 177-1 at 1, 6).

Before turning to the substance of MTBOE's motion, the Court addresses its preliminary concerns.  First, from the Court's review of the docket, it appears as though several of

36

the documents sought to be sealed – a letter, (ECF 124);
motions, (ECF 129; ECF 153; ECF 171); and exhibits, (ECF 156;
ECF 160) were not filed under seal and thus have been open on
the public docket.  To the extent that these documents were
confidential, "[i]t is well established that once confidential
information has been published, it is no longer
confidential."  Janssen Prods., L.P. v. Lupin Ltd., No. 2:10-
05954, 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014); see
also Constand v. Cosby, 833 F.3d 405, 410 (3d Cir. 2016)
("Public disclosure cannot be undone because, as the Second
Circuit has explained in similar circumstances, '[w]e simply do
not have the power, even were we of the mind to use it if we
had, to make what has thus become public private again.'"
(alteration in original) (quoting Gambale v. Deutsche Bank AG,
377 F.3d 133, 144 (2d Cir. 2004))).  The Court thus may not and
will not seal what has already been made public.

Second, both of MTBOE's supporting briefs state that it
seeks to seal not only the documents expressly identified, but
also "any responses thereto."  (ECF 130-1 at 6; ECF 177-1 at
6).  Providing such relief would create a host of practical
complications, not the least of which identifying which filings
constitute "responses thereto" to any of the identified
documents.  Presuming that, at the very least, such filings
would include oppositions and replies to MTBOE's motion

37

practice, such filings have already been published on the public docket and may not be sealed for the same reasons stated above.  Finally, by not identifying specific documents to be sealed, MTBOE's request prevents the Court from undergoing the analyses required by Local Civil Rule 5.3(c), balancing the interests at stake with the presumption of public access.  The Court concludes that doing so would "override the local rules by issuing a prospective order to seal."  See Schatz-Bernstein v. Keystone Food Prods., Inc., No. 08-3079, 2009 WL 1044946, at *3 (D.N.J. Apr. 17, 2009).

On the merits, the certifications accompanying MTBOE's motions state generally that the documents to be sealed contain highly sensitive information including special-education classifications and placements that would cause irreparable harm if disclosed; the circumstances of this case create a possibility that an individual reading the public record may deduce J.A.'s identity, rendering initials and other abbreviations insufficient; and no less-restrictive alternatives to sealing exist "because the administrative record and other discovery documents are integral to the matter's adjudication."  (ECF 130-2 at 11-16; ECF 177-2 at 9-14).

The Court's concurs in part following its own review of the documents sought to be sealed.  These documents include evaluation records; progress reports; and requests for

admissions and related answers that reveal J.A.'s name,
evaluation information, IEP goals, and similar information for
which the Court does not dispute that there is a legitimate and
compelling privacy interest.  See E.K. v. N.J. Dep't of
Educ., No. 20-14409, 2020 WL 12188149, at *1 (D.N.J. Nov. 19,
2020).

Other documents sought to be sealed, however, including
letters to Judge Skahill, motions filed in this matter, portions
of the administrative record including motion practice, the
complaint filed under Docket No. 1:21-cv-06283, a memorandum of
agreement for professional services between NJDOE and OAL, an
apparent presentation on special education dispute resolution,
and other documents not specific to this matter are not readily
identifiable as implicating specific and identified privacy
interests.  MTBOE has not included indices with its motions as
contemplated by Local Civil Rule 5.3(c) or otherwise made
individualized arguments as to any of the documents sought to be
sealed.  Despite assertions made in its certifications that
less-restrictive alternatives are unavailable due
to their importance in this litigation, (ECF 130-2 at 15; ECF
177-2 at 13), the Court cannot find that no possible
alternatives exist between the documents' complete sealing and
their total exclusion from this case.

Therefore, because the motions and supporting materials do

not indicate the specific private and public interests
implicated and serious injuries that would result from the
disclosure of many records sought to be sealed, or why efforts
short of complete sealing would be insufficient for documents
containing apparently sensitive information, the Court will deny
MTBOE's motions without prejudice as overly broad.  See Medwell,
LLC v. Cigna Corp., No. 20-cv-10627, 2020 WL 7694008, at
*4 (D.N.J. Dec. 28, 2020) ("A motion to seal is overbroad where
the moving party's interest 'can be adequately served by filing
a more narrowly tailored' motion to seal." (quoting Bock v.
Pressler & Pressler, LLP, No. 11-07593, 2014 WL 1233039, at *4
(D.N.J. Mar. 25, 2014))).

MTBOE's references to the Federal Family Educational Rights
and Privacy Act ("FERPA") and L.R. v. Camden City Public School
District, 171 A.3d 227, 230 (N.J. Super. Ct. App. Div. 2017), do
not compel a different result.  L.R. is factually
distinguishable as it involved efforts by an advocacy
organization and parent to obtain settlement agreements and
other records indicating services provided to students, not
filings made on a judicial docket.  See 171 A.3d at
230.  Further, faced with similar arguments advocating for the
sealing of a complaint and related exhibits, a court within this
District persuasively concluded that FERPA compliance could be
achieved through means less restrictive than sealing a due

40

process petition, brief, and other legal documents – including

redaction.  See Hatikvah Int'l Acad. Charter Sch. v. E.

Brunswick Twp. Bd. of Educ., No. 20-2382, 2020 WL 4448988, at *2

(D.N.J. Aug. 3, 2020).  The Court so finds here.

MTBOE's motions will be denied and the Court will provide

it thirty days following the filing of this opinion and entry of

a corresponding order to renew its motions.  Any renewed motion

shall be a joint motion which complies with Local Civil Rule

5.3(c) and includes an index indicating the basis for sealing or

redaction for each exhibit sought to be sealed or redacted in

accordance with the factors provided by Local Civil Rule

5.3(c)(3).

## IV. Conclusion

For the reasons stated above, Plaintiffs' motions for

partial summary judgment, (ECF 145; ECF 196), MTBOE's cross-

motion for partial summary judgment, (ECF 153), and MTBOE's

motions to seal, (ECF 130; ECF 177), will each be denied without

prejudice.  State Defendants shall file a letter on the docket

within fourteen days proposing discovery necessary to respond to

a renewed summary judgment motion and a related proposed

schedule.  The parties may file a renewed motion to seal within

thirty days that otherwise complies with the requirements of

Local Civil Rule 5.3(c).

    An Order consistent with this Opinion will be entered.


Date: August 24, 2023            s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.