# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **J.A., individually and on behalf of her minor child J.A.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MONROE TOWNSHIP BOARD OF EDUCATION, *et al.*,**<br><br>**Defendants.** | Case No. 20–09498–ESK–MJS<br><br>Case No. 21–06283–ESK–MJS<br><br>(Consolidated)<br><br><br>**OPINION** |

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on the parties' joint motion to seal (Motion) (ECF No. 220) filed by defendant Monroe Township Board of Education (Board). For the following reasons, the Motion is DENIED.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff J.A. and her child J.A.[1] brought two civil actions under the Individuals with Disabilities Education Act challenging final decisions made by administrative law judges of the New Jersey Office of Administrative Law. (Case No. 20–09498, ECF No. 1; Case No. 21–06283, ECF No. 1.) United States District Judge Noel L. Hillman[2] consolidated the cases in a March 22, 2022 opinion and order under a separate docket. (Case No. 18–09580, ECF No. 94 pp. 8, 10, ECF No. 95.) Magistrate Judge Matthew J. Skahill thereafter

---

[1] Both plaintiff and her child have used the initials "J.A." during this litigation. Unless otherwise indicated, the opinion refers to J.A. the minor.

[2] Judge Hillman retired from the bench effective March 1, 2024. This matter was thereafter reassigned to me.

amended the case caption and ordered that future filings be made under Case No. 20–09498.[3]  (ECF No. 110 pp. 2, 3.)

Between December 9, 2022 and March 31, 2023, plaintiff, the Board, and State defendants comprised of the New Jersey Department of Education, Interim Commissioner of Education Kevin Dehmer, and the Office of Administrative Law filed competing summary judgment motions and oppositions for claims made in both of the underlying complaints as well as two motions to seal.  (ECF Nos. 129, 130, 145, 153, 171, 177, 196.)  Judge Hillman denied each of the motions.  (ECF Nos. 213–215.)  Relevant to the pending Motion, Judge Hillman denied the Board's motions to seal because they sought to seal material that had already been filed on the public docket, requested prospective sealing, did not comply with Local Civil Rule 5.3, did not include indices, and broadly sought to seal filings that did not clearly implicate the identified privacy interests to be protected.  (ECF No. 214 pp. 36–41.)  The parties were provided 30 days to jointly file a renewed motion in compliance with Local Civil Rule 5.3.  (*Id.* pp. 41–42, ECF No. 215 p. 2.)  The Board filed the instant Motion on September 25, 2023 on behalf of all parties, with courtesy copies sent to plaintiff and State defendants.  (ECF No. 220 pp. 6, 28–30.)

**II.  MOTIONS TO SEAL**

Motions to seal within this District are governed by Local Civil Rule 5.3. *See Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 203 (D.N.J. 2021). Local Civil Rule 5.3 requires that motions to seal be made via a single, consolidated motion on behalf of all parties, L. Civ. R. 5.3(c)(1), and include an index providing with particularity (a) the nature of the materials or proceedings at issue, (b) the private or public interests warranting the relief sought, (c) the clearly defined and serious injury that would result without relief, (d) an

---

[3] Consistent with Judge Skahill's order, all further citations to the record refer to filings made under Case No. 20–09498.

explanation as to why less restrictive alternatives are unavailable, (e) any prior orders sealing the same materials, and (f) the identity of any objector, L. Civ. R. 5.3(c)(3). When there is an objection, the index must also state the materials subject to the objection, the basis for the objection, and why materials or information—if previously sealed—should not remain under seal. *Id.*

Courts must make findings pursuant to the Local Civil Rule 5.3(c)(3) factors in orders and opinions ruling on motions to seal or otherwise restricting public access. L. Civ. R. 5.3(c)(6). There is a presumption in favor of public access to judicial records that may be overcome only upon a showing of "good cause"—that is "a particularized showing that disclosure will cause a 'clearly defined and serious injury.'" *See Medley*, 550 F. Supp. 3d at 203, 204 (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

### III. ANALYSIS

In a declaration included within the Motion, the Board's counsel, William S. Donio, asserts that this matter implicates highly sensitive and confidential information concerning J.A.'s educational classifications and placements and presents circumstances in which an individual reviewing the record may be able to identify J.A. (ECF No. 220 p. 6.) The requested sealing and redactions are limited to information related to J.A.'s educational history, placement, and classification and disclosure of such records could cause irreparable harm, according to Donio. (*Id.* p. 7.)

The legitimacy of the privacy interests at stake are clear. *See, e.g.*, *Gresko v. Pemberton Twp. Bd. of Educ.*, Case No. 19–00638, 2021 WL 508676, at *2 (D.N.J. Feb. 11, 2021) (concluding that the parties satisfied their obligation under Local Civil Rule 5.3 in seeking to redact the full name and identifying information of the minor who was the subject of the underlying Individuals with Disabilities Education Act action). After full review of the

Motion, however, I conclude that it suffers from defects similar to those that led to Judge Hillman's denial of the original motions.

The parties' index does not refer to records to be sealed or redacted by electronic-filing number, but rather by type. The renewed Motion was to seek sealing or redaction from the same group of filings sought to be sealed in the Board's original motions.[4] Instead, the index identifies four categories of records—"Student Evaluation Records," "Student Progress Reports," "Student Evaluation Information," and "Student IEP Goals"—for which complete sealing is sought and two categories of records—requests for admissions and related answers—for which the parties seek to redact only J.A.'s name, initials, and "other personal identifiers." (ECF No. 220 pp. 9–13.)

Requesting sealing and redaction by document type rather than specific filing appears motivated, at least in part, by the parties' desire "to seal … documents in connection with any future filings, including but not limited to renewed motions for summary judgments or opposition thereto." (*Id.* p. 6, 7.) Judge Hillman specifically denied the Board's request for prospective sealing in his August 2023 opinion (ECF 214 pp. 37, 38) and such relief will be denied here, *see Com. Bancorp, LLC v. CNA Ins. Cos./Cont'l Cas.*, Case No. 09–01462, 2009 WL 10689613, at *2 (D.N.J. Dec. 11, 2009) (declining to address whether to-be-filed documents were to be sealed in favor of case-by-case analyses); *Schatz-Bernstein v. Keystone Food Prods., Inc.*, Case No. 08–03079, 2009 WL 1044946, at *3 (D.N.J. Apr. 17, 2009) ("The Court declines to override the local rules by issuing a prospective order to seal.").

---

[4] The proposed orders accompanying the Board's original motions sought to seal a November 25, 2022 letter from the Board's counsel to Judge Skahill concerning a discovery dispute along with related exhibits, the Board's December 9, 2022 motion for summary judgment, the Board's January 3, 2023 opposition brief to plaintiff's motion for partial summary judgment, the Board's January 3, 2023 cross-motion for partial summary judgment and related exhibits, and the Board's January 11, 2023 motion for partial summary judgment. (ECF Nos. 130–3, 177–3.)

The parties' decision to seek sealing and redaction by record type rather than by specific filing further leaves the Court to guess whether particular documents fit under the broad umbrella of terms such as "Student Evaluation Records" and "Student Evaluation Information" and whether exhibits included with requests for admissions or related answers are to be redacted, sealed, or made public. The parties' request that J.A.'s name and personal identifiers "be redacted from any Requests for Admissions and/or Answers to Requests for Admissions connected with this consolidated litigation, along with any attachments that may otherwise be ordered as sealed by this or any other court order" (ECF No. 220 p. 7) does not provide necessary clarity.

For example, letters included in a filing containing plaintiff's second set of requests for admissions are not clearly part of the requests—indicating that redaction is sought, "Student Evaluation Information"—indicating that sealing is sought, or neither. (ECF No. 127–1 pp. 21, 25.) Requests for admissions themselves reference J.A.'s diagnoses and educational goals. (ECF No. 125–1.) The parties' lack of specificity as to the particular records they seek to seal or redact and use of broad terms such as "Student Evaluation Records" and "Student Evaluation Information" place the onus on the Court to guess the parties' intentions—risking an underinclusive or overinclusive sealing order in the process. I decline to engage in such guesswork. *See Moroccanoil, Inc. v. Salon Distrib.*, Case No. 11–00136, 2015 WL 13962367, at *1 n. 2 (D.N.J. May 5, 2015) (denying the defendants' request to seal, noting that they did not include a formal motion and "did not identify the specific portions of the documents . . . which Defendants allege that [the] Court must seal"); *see also HomeSource, Corp. v. Retailer Web Servs., LLC*, Case No. 18–11970, 2019 WL 13084419, at *3 (D.N.J. Oct. 11, 2019) (concluding that the defendant did not clearly establish the nature of purportedly confidential "business

relationships," a term that the court concluded was undefined and overbroad, as required by Local Civil Rule 5.3(c)(3)).

Finally, to the extent that the parties wish to redact requests for admissions or related answers (ECF No. 220 pp. 11–13) the term "personal identifiers" is broad and undefined and it is not clear why J.A.'s initials require redaction. Use of a minor's initials in filings comports with the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 5.2(a)(3), as recognized within this District, *see* A.*S. v. Harrison Twp. Bd. of Educ.*, 66 F. Supp. 3d 539, 544 n. 3 (D.N.J. 2014) (directing the Clerk to seal submitted documents and the defendants to file redacted versions of the documents so that the minor plaintiff's father's initials, rather than full name, would be visible on the public docket (citing Fed. R. Civ. P. 5.2(a)(3) and L. Civ. R. 5.3(c))). J.A. has been referred to by her initials in numerous unsealed filings on the docket, including the underlying complaints, and the parties fail to address why redaction is therefore necessary to protect the cited privacy interests at stake. *See C.G.B. v. Lucia*, Case No. 15–03401, 2018 WL 6705684, at *2, 3 (D.N.J. Dec. 19, 2018) (noting that the business information contained in transcripts sought to be sealed was available elsewhere on the public docket); *Bornstein v. Cnty. of Monmouth*, Case No. 11–05336, 2014 WL 6386804, at *3 (D.N.J. Nov. 14, 2014) ("If all sensitive information in the exhibits had already been previously disclosed, then public release of the exhibits would have no impact on institutional security, and thus, the interest of institutional security would not warrant sealing of the exhibits.").

For these reasons, the Motion will be denied. The parties will be provided 30 days to file a renewed joint motion to seal limited to the materials that were the subject of the Board's original motions. (ECF Nos. 130, 177.) Any accompanying motion and index shall identify the specific documents, or portions thereof, for which sealing or redactions are sought using electronic-

filing and page numbers. Versions of documents for which redactions are sought shall accompany any renewed motion, marked to indicate the proposed redactions. Unsealed versions of documents the parties no longer seek to seal or redact shall accompany any renewed motion. If the renewed motion seeks to seal or redact information otherwise available on the public docket, the parties shall explain with particularity how sealing or redaction would nonetheless protect the identified privacy interests.

## IV. CONCLUSION

For the reasons stated above, plaintiff's Motion (ECF No. 220) will be DENIED. An accompanying order will follow.

          */s/ Edward S. Kiel*
          **EDWARD S. KIEL**
          **UNITED STATES DISTRICT JUDGE**

**Dated: April 25, 2024**