# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **J.A., individually and on behalf of her minor child J.A.,** Plaintiff, v. **MONROE TOWNSHIP BOARD OF EDUCATION;** *et al.*, Defendants. | Case No. 20–cv–09498–ESK–MJS<br><br>Case No. 21–cv–06283–ESK–MJS<br><br>(Consolidated)<br><br>**OPINION & ORDER** |

**THIS MATTER**[1] having come before the Court on plaintiffs' motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure (Rule) 59(e) (ECF No. 270 (Pls.' Mot.)); and the Court finding:

1. The instant motion challenges the Court's November 29, 2024 opinion and order granting in part and denying in part the parties' competing motions for partial summary judgment. (ECF No. 267 (Nov. 29, 2024 Op.); ECF No. 268.)[2] As recognized in the opinion, plaintiffs' motions against State Defendants and the Monroe Township Board of Education (the Board)[3] did not

---

[1] The procedural history of this case and the underlying administrative proceedings is long and the procedural protections implicated are complex. I presume the parties' familiarity with the this case's history and the rules implicated by plaintiffs' motion and will only detail them as necessary.

[2] As noted in my November 29, 2024 opinion, the underlying administrative proceedings resulted in two separate federal complaints that were later consolidated—one filed in 2020 and the other filed in 2021. (Nov. 29, 2024 Op. pp. 5, 6.) Plaintiffs specifically challenge my decisions as to Count 2 of the 2020 complaint and Count 4 of the 2021 complaint relating to the Five-Day Exchange Rule, Count 1 of the 2020 complaint and Count 3 of the 2021 complaint relating to the 10-Day Rule, and Count 7 of the 2021 complaint relating to access to records. (Pls.' Mot. p. 2.) Though the parties are familiar with these rules, I will briefly explain each as they are referenced in this order.

[3] Magistrate Judge Matthew J. Skahill held a friendly hearing on November 7, 2025. (ECF No. 313.) On November 17, 2025, Judge Skahill entered an order approving a settlement between plaintiffs and the Board. (ECF No. 316.) Therefore,

substantively challenge the underlying administrative decisions. (Nov. 29, 2024 Op. p.8.) Rather, they sought to attack them by alleging various procedural violations of the Individuals with Disabilities Education Act and related federal and state regulations. (*Id.*) Plaintiffs challenge three specific aspects of my decision, two of which remaining pending as to State Defendants.

    2.    First, I recognized that the Five-Day Exchange Rule[4] is intended to avoid surprise and promote the prompt resolution of cases. (*Id.* pp.25, 26.) Because hearings for the two underlying administrative proceedings were not held on the stated dates, I found persuasive the decision in *C.P. ex rel. F.P. v. Clifton Board of Education*, Case No. 19–08469, 2020 WL 4530031 (D.N.J. Aug. 6, 2020). (*Id.* pp.26, 27.) In that case, I noted, the court concluded that no one was ambushed by undisclosed evidence because the hearing was rescheduled and evidence was timely provided before the actual hearing. (*Id.* p.27.) I further rejected plaintiffs' attempt to use the Five-Day Exchange Rule "as a sword" entitling them to a summary decision "rather than a shield." (*Id.*) Therefore, I denied summary judgment for plaintiffs and granted summary judgment in favor of defendants. (*Id.* p.28.) Plaintiffs take aim at my reference to prejudice, claim that prejudice need not be shown by them, and argue that they have nonetheless established prejudice. (ECF No. 270–1 (Pls.' Mot. Br.) pp.7–12.)[5] Plaintiffs further argue that the only reason hearings

---

this order is limited to claims pending against State Defendants. Furthermore, because plaintiffs did not seek summary judgment against State Defendants relating to access to records (ECF No. 238 p.2), I will not further address those claims.

    [4] "Not less than 5 business days prior to a hearing … each party shall disclose to all other parties all evaluations completed by that date, and recommendations based on the offering party's evaluations, that the party intends to use at the hearing." 20 U.S.C. §1415(f)(2)(A). A party that fails to comply with the Five-Day Exchange Rule may be prohibited from introducing relevant evaluations or recommendations without the consent of their adversary. §1415(f)(2)(B). In New Jersey, "[u]pon application of a party, the judge shall exclude any evidence at hearing that has not been disclosed to that party at least five business days before the hearing, unless the judge determines that the evidence could not reasonably have been disclosed within that time." N.J. Admin. Code §1:6A–10.1(c).

    [5] Use of the term "prejudice" was a reference to the *C.P.* court's conclusion that the Five-Day Exchange Rule is designed to prevent one party from ambushing the other, nobody was ambushed because the hearing was rescheduled, and "[a]t any rate, [the plaintiff] suffered no prejudice." 2020 WL 4530031, at *13. To the extent that this passage of the challenged opinion is read as substantively changing a plaintiff's burden in arguing a Five-Day Exchange Rule violation—rather than merely finding

were not held on the relevant dates was because the Five-Day Exchange Rule was not enforced. (*Id.* pp. 8–11.)

  3. Second, relying on a comment response in the New Jersey Register, I found that administrative law judges possess discretion under the 10-Day Rule[6] to hold a hearing or a conference during a first proceeding. (Nov. 29, 2024 Op. p. 23.) Conversely, plaintiffs did not cite any authority standing for the proposition that a full evidentiary hearing was required. (*Id.*) I therefore denied summary judgment for plaintiffs and granted it in favor of defendants. (*Id.* p. 24.) Plaintiffs claim that this interpretation was erroneous and cite passages from the same New Jersey Register section—namely those that highlight the importance of placing cases with administrative law judges as soon as possible, interpret federal regulations as requiring prompt completion of hearings, and recognize that mediations may not be used to deny or delay parental rights—that purportedly "contradict" my interpretation. (Pls.' Mot. Br. pp. 13–15.)

  4. Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend a judgment must be premised on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 166 (3d Cir. 2017) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). Rule 59(e) motions may not be used to relitigate old issues or present evidence or arguments that could have previously been offered. *Stephens v. Jerejian*, 655 F. App'x 64, 65 (3d Cir. 2016).

  5. Before reaching the merits of plaintiffs' arguments, State Defendants argue that plaintiffs' motion is untimely. (ECF No. 274 pp. 6, 7.) This is because, according to State Defendants, motions for reconsideration must be filed within 14 days pursuant to Local Civil Rule 7.1(i) and plaintiffs did not file their motion until 28 days following my decision. (*Id.*)

---

*C.P.* persuasive in light of its parallels with this case and lack of apparent "ambushing"—such a reading is disavowed.

 [6] "Upon unsuccessful conclusion of the resolution process or mediation … the representative of the Office of Special Education Programs shall immediately contact the Clerk of the Office of Administrative Law and the Clerk shall assign a peremptory hearing date." N.J. Admin. Code §1:6A–9.1(a). The hearing date shall be approximately 10 days following the scheduling call. *Id.*

6. Plaintiffs respond that "[i]f defendants had carefully observed Local Civil Rule 7.1(i), they would have noticed that the 14 day deadline doesn't apply to a Rule 59(e) motion." (ECF No. 276 p. 4.) Rule 59(e) has a 28-day deadline and the order accompanying my decision granted partial summary judgment, making it "clear that [the Court] rendered judgment, not an interlocutory order." (*Id.* pp. 4, 5.)

7. A review of similar motions within this District leads me to conclude that if any party has exhibited confusion as to Rule 59(e)'s applicability, it is plaintiffs. Plaintiffs are absolutely correct that Local Civil Rule 7.1(i)'s 14-day deadline does not disturb Rule 59's 28-day deadline. *See* L. Civ. R. 7.1(i); *Adkins v. Sogliuzzo*, 820 F. App'x 146, 149 (3d Cir. 2020). However, Rule 59 is designed only to address orders rendering final judgment—not interlocutory orders. *See Warner v. Twp. of S. Harrison*, 885 F. Supp. 2d 725, 747 (D.N.J. 2012). Absent a final judgment, Rule 59(e)'s 28-day timeframe does not apply. *See id.*

8. Courts within this District have repeatedly applied this principle to partial grants of summary judgment, as plaintiffs challenge here. *See, e.g.*, *Thompson v. Sears*, Case No. 18–13231, 2022 WL 6423265, at *3 n.1 (D.N.J. Sept. 19, 2022) (stating that the order granting the defendants partial summary judgment constituted an interlocutory order "because it dismissed fewer than all claims and parties"); *Panarello v. City of Vineland*, Case No. 12–04165, 2016 WL 3638108, at *5 (D.N.J. July 7, 2016) ("A motion under … Rule 59(e) is only appropriate when final judgment has been entered on all claims; where only a partial grant or denial of summary judgment has been entered, a motion pursuant to Local Civil Rule 7.1(i) is the appropriate vehicle by which a party should seek reconsideration.").

9. Plaintiffs' recourse in disagreeing with my decision granting in part and denying in part the parties' motions for partial summary judgment was to timely move for reconsideration pursuant to Local Civil Rule 7.1(i). *See Warner*, 885 F. Supp. 2d at 747–48. Their failure to do so alone warrants denial of their motion. *See Mitchell v. Twp. of Willingboro Mun. Gov't*, 913 F. Supp. 2d 62, 78 (D.N.J. 2013) ("Defendant Perez's motion for reconsideration is untimely as it was filed outside the fourteen-day period prescribed by L. Civ. R. 7.1(i) and can be denied on this ground alone.").[7]

---

[7] "The standard for a motion brought under Local Civil Rule 7.1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment." *In re Vehicle Carrier Servs. Antitrust Litig.*, Case No. 13–03306, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016). A motion for reconsideration pursuant to

4

Accordingly,

**IT IS** on this **20th** day of **November 2025** **ORDERED** that:

1. Plaintiffs' motion at ECF No. 270 is **DENIED**.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**

---

Local Civil Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(i). It is within my discretion to accept plaintiffs' untimely motion. *See Connolly v. Mitsui O.S.K. Lines (Am.) Inc.*, Case No. 04–05127, 2010 WL 715775, at *1 (D.N.J. Mar. 1, 2010). My review of the parties' briefing leads me to conclude that plaintiffs generally raise arguments that were expressly or implicitly rejected in my November 29, 2024 opinion and order or arguments that could have been raised in the motion briefing but were not. I therefore decline to exercise my discretion and deny plaintiffs' motion on procedural grounds.